UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE M. REIBER
In re: Sandra A. Hojnoski,

                            Appellant,

                                                        DECISION AND ORDER

                                                        06-CV-6057L

             v.

OPTION ONE MORTGAGE CORP..
SHERMAN ACQUISITION, L.P.
VICTORY VILLAGE MHC, LLC,

                           Appellees.
_____

On January 4, 2006, Bankruptcy Judge John C. Ninfo, II entered a Decision and Order in this Chapter 13 adversary proceeding, which denied the Trustee's motion for summary judgment, granted summary judgment in favor of defendant/appellee Option One Mortgage Corporation ("Option One"), and dismissed the Trustee's adversary proceeding. In that proceeding, the Trustee sought to avoid a mortgage lien on certain real property ("Property") of the debtor, Sandra A. Hojnoski ("Debtor"). *In re Hojnoski*, 335 B.R. 282 (Bankr.W.D.N.Y. 2006). The Trustee, George M. Reiber, Esq. ("Trustee") appeals.

## BACKGROUND

The Debtor acquired the Property by Deed dated May 5, 2002. The deed was recorded in the Steuben County Clerk's Office ("Clerk's Office") on May 17, 2002.

On or about May 17, 2002, the Debtor executed and delivered a mortgage ("Mortgage") to Fairmont Funding. Although the mortgage document was correctly signed by the Debtor, it

erroneously showed her name on the front page as "Sandra Hojno*w*ski" rather than "Sandra Hojnoski."

The Mortgage was recorded in the Clerk's Office on May 17, 2002, and was indexed by the Steuben County Clerk ("Clerk") under the name "Hojnowski."  On June 6, 2002, an Affidavit of Correction of Typographical Error ("Correction Affidavit") was recorded in the Clerk's Office.  The Correction Affidavit, which was executed and delivered by the Debtor in her correct name, indicated that the Mortgage contained a typographical error with respect to the spelling of her name, and that the Debtor and Sandra "Hojnowski" were one and the same.  The affidavit requested that the Clerk cross-reference the Affidavit to all related documents.  It appears, however, that although the Property is located in the Town of Campbell, the Clerk indexed the Correction Affidavit as affecting real property in the Town of Erwin, Steuben County.  This error was not discovered until sometime later, as explained below.

The Debtor filed her Chapter 13 petition in October 2004, and indicated in her schedules and statements that she was the owner of the Property, that it was located in the Town of Campbell, and that Option One (to whom the mortgage had been assigned by Fairmont Funding) held a "verified unrecorded" mortgage on the Property with an outstanding balance of $31,718.

On January 31, 2005, Monroe Title Insurance Company ("Monroe") performed a title search of the Property at the Trustee's behest.  Apparently because of the Clerk's error with respect to the Correction Affidavit and the location of the Property, the title search failed to uncover the existence of the Mortgage or the Correction Affidavit.

In his complaint against Option One filed on February 4, 2005, the Trustee alleged that the Mortgage had not been properly recorded prior to the filing of the Debtor's petition in accordance with the provisions of the New York Real Property Law ("RPL").  He further asserted that the lien of the Mortgage was therefore avoidable by a bona fide purchaser pursuant to RPL § 291, and that since the Trustee, pursuant to RPL § 544(a), stood in the position of a hypothetical bona fide

- 2 -

purchaser of the Property, he could avoid the lien also.  The Trustee sought an order avoiding the lien of the Mortgage and preserving it for the benefit of the estate.

On February 28, 2005, Monroe (which had been retained by both the Trustee and Option One) performed an Indexing Name Search for the name "Sandra Hojnoski."  That search yielded two entries, the first of which indicated a recording date of May 17, 2002, for a deed to property in the Town of Campbell.  The second, with a date of June 6, 2002, indicated that it was for an affidavit concerning property in the Town of Erwin.  Bankr. Dkt. #33-9 Ex. B.  Upon further investigation, Monroe discovered that the Correction Affidavit had been erroneously indexed with respect to the location of the Property, and informed the Clerk of the error.  That same day, the Clerk re-indexed the Correction Affidavit as affecting property in the Town of Campbell.

After Option One filed its answer (which asserted, *inter alia*, that the Mortgage had been properly recorded, in part because of the filing of the Correction Affidavit), both the Trustee and Option One moved for summary judgment.  In his motion, the Trustee asserted that, because of the indexing errors concerning both the spelling of the Debtor's name and the location of the Property, the Mortgage was outside the Debtor's chain of title.  The Trustee argued that, notwithstanding the later re-indexing of the Correction Affidavit, neither the recorded Mortgage nor the Correction Affidavit constituted constructive notice of the existence of the mortgage as of the date that the Debtor filed her petition, and that  the lien of the mortgage was therefore avoidable.

In his Decision and Order, Bankruptcy Judge Ninfo held that the Trustee was not a hypothetical bona fide purchaser for value who could avoid the Mortgage.  Judge Ninfo reasoned that prior to the Clerk's February 28, 2005 re-indexing of the Correction Affidavit, a person (such as a prospective purchaser) examining the results of an Indexing Name Search would have seen that: (1) there was no record of any predicate document of conveyance indicating that the Debtor had any interest in real property located in the Town of Erwin; and (2) the affidavit concerning property in the Town of Erwin had been filed about three weeks after the deed for property in the Town of Campbell had been recorded.  That information, the Bankruptcy Judge concluded, would have led

a reasonable person to take further steps to ascertain the nature of the affidavit, which would in turn have revealed the existence of the Mortgage, and the fact that it covered the Property.  335 B.R. at 289-90.

## DISCUSSION

### I. Standard of Review

On appeal from a bankruptcy court, the district court will not set aside the bankruptcy court's findings of fact unless they are clearly erroneous.  Fed. R. Bankr. 8013.  Conclusions of law are subject to *de novo* review.  *In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir. 1999); *In re Bennett Funding Group, Inc.*, 146 F.3d 136, 138 (2d Cir. 1998).

In the case at bar, Judge Ninfo's decision was based mostly on findings of fact, such as what a prospective purchaser would have discovered upon performing an Indexing Name Search, and whether the Trustee was charged with constructive notice of the existence of the Mortgage under New York law.[1]  *See Matter of Chicago, Milwaukee, St. Paul & Pacific R. Co.*, 3 F.3d 200, 207 (7th Cir. 1993) (reviewing district court's determination that party had constructive knowledge of certain facts under clearly-erroneous standard); *Doyle v. Resolution Trust Corp.*,

---

[1]Judge Ninfo did expressly make a certain number of factual assumptions in arriving at his conclusions.  *See* 335 B.R. at 286-87.  He did so, however, because "[a]t the hearing on the Motions for Summary Judgment, the parties indicated that they did not believe that an evidentiary hearing was required because they believed that all of the material facts that were necessary for the Court to decide this Adversary Proceeding had been presented and were undisputed."  *Id.* at 285.  Neither side appears to contend on appeal that the bankruptcy court erred in doing so, and given their consent to forgoing an evidentiary hearing before the bankruptcy court, I will review Judge Ninfo's factual findings for clear error, even if they are partially based on certain assumptions, which I believe are reasonable in any event.  *See Eirhart v. Libbey-Owens-Ford Co.*, 996 F.2d 837, 845 (7th Cir. 1993) (court of appeals will give deference to a district court's findings of fact made without the benefit of an evidentiary hearing if the parties stipulated or explicitly consented to such procedure); *see also Drywall Tapers and Pointers of Greater New York, Local 1974 of I.B.P.A.T., AFL-CIO v. Local 530 of Operative Plasterers and Cement Masons Intern. Ass'n*, 954 F.2d 69, 77 (2d Cir. 1992) ("When parties are content in the district court to rest on affidavits, the right to an evidentiary hearing [prior to issuance of preliminary injunction] is waived").

999 F.2d 469, 474 (10th Cir. 1993) ("The district court's finding that FNMA had no actual or constructive notice of the forgery is presumptively correct and should not be set aside on appeal unless it is clearly erroneous"); *In re Probasco*, 839 F.2d 1352, 1355 (9th Cir. 1988) ("The decision of the bankruptcy court that there was no constructive notice is based on inferences from the undisputed facts.  Although ... an appellate court is equally capable of making those inferences, the dictates of judicial economy require application of the clearly erroneous standard").  Even if this Court were to review Judge Ninfo's entire decision *de novo*, however, I would affirm, for the reasons that follow.

## II. Constructive Notice

"The federal bankruptcy code provides that a trustee shall be able to avoid an obligation if a hypothetical purchaser, buying at the time the bankruptcy proceedings are initiated, would also be able to avoid the obligation."  *In re Potter*, 313 F.3d 93, 95 (2d Cir. 2002).  Specifically, the code provides that

> [t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any other creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by ... a bona fide purchaser of real property ... from the debtor ... that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

Courts have held that "[t]he statutory language, 'without regard to any knowledge of the trustee or of any creditor' refers to actual knowledge and does not affect state laws relating to constructive notice."  *In re Robertson*, 203 F.3d 855, 864 (5th Cir. 2000).  The purpose of this provision is to ensure "that the trustee's status as hypothetical lien creditor [will] not be affected by any knowledge which he, personally, or any or all creditors may have."  *McCannon v. Marston*, 679 F.2d 13, 16 (3d Cir. 1982); *see also In re Kim*, 161 B.R. 831, 838 (9th Cir. BAP 1993) ("Actual knowledge ... is to be disregarded in determining bona fide purchaser status; only constructive or

inquiry notice will defeat the trustee's avoiding powers").  At the same time, however, "[w]hen an otherwise bona fide purchaser of real estate would be subject to a claim because of constructive notice under state law, the trustee cannot avoid the claim." *Robertson*, 203 F.3d at 864.  "Thus, although section 544 provides that a trustee's actual knowledge is not relevant, a trustee is still bound by the state law regarding recordation and constructive notice, as well as other state law limitations upon bona fide third party purchaser status." *Id.*  Whether the Trustee had constructive notice of the mortgage, then, is determined by reference to New York law. *See In re Mosello*, 193 B.R. 147, 151 (S.D.N.Y. 1996) ("The definition and powers of a 'bona fide purchaser' are governed by the substantive state law pertaining to the subject property").

"In New York, a bona fide purchaser must have purchased the property 'in good faith without notice and for valuable consideration.'" *Id.* (quoting *In re Hardway Restaurant, Inc.*, 31 B.R. 322 (Bankr.S.D.N.Y. 1983)).  "Under New York law, such notice consists of actual notice and constructive notice of what may be revealed by (1) an examination of the record, (2) reasonable inquiry of those in actual possession, or (3) reasonable inquiry on the basis of all circumstances." *In re Bygaph, Inc.*, 56 B.R. 596, 602 (S.D.N.Y. 1986) (citations omitted).

Application of these principles requires familiarity with certain provisions of the New York Real Property Law.  Section 291 provides that a "conveyance of real property ... may be recorded in the office of the clerk of the county where such real property is situated ... ."  That section further provides that an unrecorded conveyance of an interest in real property is deemed void as against a subsequent good faith purchaser for value who acquires his interest without actual or constructive notice of the prior conveyance. *See Andy Associates, Inc. v. Bankers Trust Co.*, 49 N.Y.2d 13, 16-17 (1979).

In addition, RPL 316 provides that each recording officer must maintain indexes of instruments recorded in his office, and that "[e]ach set must contain two lists in alphabetical order, one consisting of the names of the grantors or mortgagors and assignors, followed by the names of their grantees, mortgagees or assignees, and the other list consisting of the names of the grantees or

mortgagees and assignees, followed by the names of their grantors, mortgagors, or assignors ... ." That section further provides that "[s]uch indexes shall form a part of the record of each instrument hereafter recorded."

Under New York Law, a purchaser is "charged with constructive notice of all matters which are in the record." *In re Lasercad Reprographics, Ltd.*, 106 B.R. 793, 802 (Bankr. S.D.N.Y. 1989). Since a properly indexed mortgage is deemed "part of the record," RPL 316, a purchaser will be charged with notice of that mortgage. However, "[i]n regard to mortgages, an error in indexing has been held to prevent a record of such instrument from constituting constructive notice." *Coco v. Ranalletta*, 189 Misc.2d 535, 538-39 (Sup. Ct. Monroe Co. 2001) (citing *V & D Realty USA Corp. v. Mitso Group, Inc.*, 240 A.D.2d 562 (2d Dept. 1997)), *aff'd*, 305 A.D.2d 1082 (4th Dep't 2003).

The parties here do not appear to dispute that a misspelled name will take a conveyance outside the chain of title. *See Coco v. Ranalletta*, 305 A.D.2d 1082, 1082 (4th Dep't 2003) (defendant was not charged with constructive notice of plaintiff's previously recorded mortgage, which was incorrectly indexed as a result of the misspelling of the mortgagor's name on the mortgage instrument). The question here, though, is whether the Correction Affidavit sufficed to remedy the misspelling of plaintiff's last name, or whether the error concerning the name of the town in which the property is located rendered the Correction Affidavit ineffective in that regard.

The Trustee does not appear to dispute that, had the Correction Affidavit been correctly identified from the outset as affecting real property in the Town of Campbell, the Trustee would be chargeable with constructive notice of the mortgage. The Trustee argues that the Clerk's incorrect description of the Correction Affidavit as affecting property in the Town of Erwin rendered the Correction Affidavit ineffective to put the Trustee on notice of the mortgage's existence.

In support of that argument, the Trustee relies upon *Baccari v. DeSanti*, 70 A.D.2d 198 (2d Dep't 1979), in which the plaintiff sought a judgment declaring that his mortgage was a valid first lien on certain property in Westchester County with priority over a later-filed mortgage held by the defendant. The court held that the plaintiff, who predicated his claim against the defendants solely

- 7 -

upon a theory of constructive knowledge, had failed to state a cognizable claim, since the plaintiff's mortgage had been improperly indexed to indicate that the property was located in a different town in Westchester County.

In my view, however, *Baccari* is distinguishable from, and fails to support plaintiff's position in, the case at bar.  In *Baccari*, the court based its holding in part on a provision in the Westchester County Administrative Code stating that in the event that the county clerk's index bore an erroneous designation of the town in which property affected by a filed instrument was located, the record of that instrument would be constructive notice only from the time the error was corrected and the instrument properly indexed.  *Id.* at 201-02.  No comparable provision exists in this case.

The court in *Baccari* did state that "[t]his local law merely carries out the intent of section 316 of the Real Property Law which makes the index a part of the record of each recorded instrument.  An error in indexing prevents the record from constituting constructive notice of the filed instrument for the period that the error remains uncorrected."  *Id.* at 202.  This statement, however, is dictum, and no citation of authority for it was given by the court.  The fact is that the only mortgage indexes required or provided for by § 316 are indexes based on the names of the mortgagor and the mortgagee.  That section does also state that a "county clerk may adopt a new indexing system utilizing electro-mechanical, electronic or any other method he deems suitable for maintaining the indexes," but that clearly relates to the physical *method* of maintaining the indexes, not to the indexing *criteria.*[2]  The error concerning the correct township, then, was not an "indexing" error for purposes of determining notice, since the Correction Affidavit was correctly indexed with

---

[2]The Trustee also cites RPL § 316-a(8), which deals with the effect of an erroneous designation of the town in which the subject property is located, but by its terms that section applies only to Suffolk County.  *See* RPL §§ 316-a(1) (providing that "[e]very instrument affecting real estate or chattels real, situated in the county of Suffolk ... shall be recorded and indexed pursuant to the provisions of this act"); 316-a(2) (directing "[t]he clerk of the county of Suffolk" to maintain certain indexes); 316-a(8) (addressing "cases where any instrument shall have been recorded without such designation as required by this act," and setting forth instructions for "the said clerk ..."); *see also Merscorp, Inc. v. Romaine*, 24 A.D.3d 673, 674 (2d Dep't 2005) ("Real  Property Law § 316-a(1) ... only applies to the Suffolk County indexing system").

respect to the only two indexes provided for by the RPL:  the mortgagor's and mortgagee's names. The Correction Affidavit was therefore part of the record with respect to the Property.

Furthermore, as stated earlier, under New York law a party is charged with notice of "what may be revealed by (1) an examination of the record, (2) reasonable inquiry of those in actual possession, or (3) reasonable inquiry on the basis of all circumstances."  *Bygaph*, 56 B.R. at 602. *See also In re Rodriguez*, 261 B.R. 92, 94 (E.D.N.Y. 2001) ("one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such an interest may not avail himself of the benefit of Section 291"); *In re Lasercad Reprographics, Ltd.*, 106 B.R. 793, 802 (Bankr. S.D.N.Y. 1989) ("After examining the records, [the mortgagee] would be required to inquire further if any defect was revealed in [the mortgagor]'s title"); *In re Hardway Restaurant, Inc.*, 31 B.R. 322, 330 (Bankr. S.D.N.Y. 1983) ("If no inquiry is made, the purchaser is charged with what a reasonable inquiry concerning the defect would have revealed").  Judge Ninfo found that under the factual circumstances of this case, given what a hypothetical record searcher would have found with respect to the Property, it would have been reasonable to make inquiry about the nature of the Correction Affidavit, regardless of its designation as relating to property in the Town of Erwin.  That inquiry would have led to the discovery of the mortgage and the lien on the Property.  I see no error in those findings, or in the bankruptcy court's predicate factual findings, and the decision appealed from is therefore affirmed.  *See Rodriguez*, 261 B.R. at 94 (Chapter 7 trustee could not use his strong-arm powers as bona fide purchaser in order to avoid mortgage held by prior owners of real property on which debtor resided, though neither debtor's mortgage nor prior owners' deed had been recorded on petition date; fact that debtor was in possession of property ostensibly titled in prior owners would have been sufficient to put any reasonably prudent purchase on notice of need for further inquiry, and in light of debtor's inability to produce deed, would have inevitably led to discovery of prior owners' mortgage); *In re Carousal*, 48 B.R. 447, 450 (Bankr. N.D.N.Y. 1985) (although mortgage interest held by creditor was improperly filed, trustee took subject to constructive

notice accorded by creditor's filing of deeds, as review of title records by trustee would have provided notice of fact that problem existed with alleged interest of debtors).

## CONCLUSION

The Decision and Order of United States Bankruptcy Judge John C. Ninfo, II entered January 4, 2006, is hereby affirmed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 16, 2006.

- 10 -